NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEIJING ZHU; QIHAN LYU; MENGXI LYU,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-5639<br><br>Agency Nos.<br>A246-914-402<br>A246-914-404<br>A246-914-405<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2025[**]
San Jose, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and SCHREIER,
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

Meijing Zhu and her sons, natives and citizens of China, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's ("IJ") denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review the BIA's "denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  We review the BIA's credibility findings for substantial evidence, applying the REAL ID Act's "totality of the circumstances" standard, which includes considering "all relevant factors." *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).  "[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination," *id.* at 1041 (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)), and "we must uphold the [BIA's] determination unless the evidence compels a contrary conclusion," *Duran-Rodriguez*, 918 F.3d at 1028.

1. Substantial evidence supports the BIA's affirmance of the IJ's finding that Zhu's testimony lacked credibility.  The BIA's determination was based on Zhu's internally inconsistent testimony regarding the timing of the payments Zhu made

_____

[1] Zhu's application listed her two sons as derivative beneficiaries.

on the government-ordered fine following the birth of Zhu's second child and Zhu's claims about her plans to have a third child. *See Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022) ("Inconsistencies in an applicant's testimony may support an adverse credibility determination."). The BIA also properly concluded that Zhu's testimony was not credible based on inconsistencies between Zhu's testimony and documentary evidence regarding whether Zhu was forcibly taken to the hospital by Chinese government officials, whether Zhu was held down or tied to the operating table during her forced abortion, the frequency of Zhu's pregnancy screenings, and the timing of Zhu's IUD insertion and removal after her first child was born. *See Shrestha*, 590 F.3d at 1048 (upholding adverse credibility determination based, in part, on applicant's inconsistent and unresponsive testimony as reasonable under the REAL ID Act's "totality of the circumstances" standard).

Although Zhu was provided with the opportunity to explain the discrepancies, the record does not compel acceptance of Zhu's explanations. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (reasoning that acceptance of plausible explanation was not compelled "in light of the importance of the omitted incidents to [petitioner's] asylum claim").

24-5639

2. Zhu does not argue that, if her testimony is disregarded as not credible, she has nevertheless offered other evidence that could establish eligibility for asylum or withholding of removal.  Any such argument is therefore forfeited.

3. Finally, the BIA's denial of Zhu's CAT claim is supported by substantial evidence.  Zhu's CAT claim is based on the same evidence the BIA considered when it denied her asylum and withholding of removal claims, which was found to be not credible.  The only additional evidence Zhu relies on is the country conditions evidence.  Although "country conditions alone can play a decisive role in granting [CAT] relief," *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (quoting *Kamalthas v. INS*, 251 F.3d 1279, 1280) (9th Cir 2001)), here Zhu's evidence is not sufficient to meet "the high threshold of establishing that it is more likely than not that [she] will be tortured by or with the consent or acquiescence of a public official," *id.*  Thus, the BIA's determination that Zhu is not entitled to CAT protection is supported by substantial evidence.

Petition **DENIED**.[2]

---

[2] The temporary stay of removal will remain in place until the mandate issues, and the motion to stay removal, Docket No. 2, is otherwise denied as moot.